**Imogene Faith FARRELL,
Petitioner–Appellant,**

v.

**Alice PAYNE, Respondent–Appellee.**

**No. 99–36218.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 30, 2004.

1. In a separate opinion filed concurrently herewith, we remand Castro's sentence for further proceedings.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

504

---

Jennifer Wellman, Federal Public Defender's Office, Seattle, WA, for Petitioner–Appellant.

John Joseph Samson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: HALL, KLEINFELD, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Imogene Farrell appeals the district court's denial of her habeas petition. Farrell contends that she was a victim of ineffective assistance of counsel.

We review de novo a district court's decision to dismiss a petition for a writ of habeas corpus. *Williams v. Woodford,* 306 F.3d 665, 684 (9th Cir.2002). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court's denial of the habeas petition.

The provisions of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") apply to this case because Farrell filed her federal habeas petition after the statute's effective date. *See Slack v.*

*McDaniel,* 529 U.S. 473, 481, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). To warrant habeas relief, Farrell must show that the denial of her habeas petition by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

The district court did not err in determining that Farrell's Sixth Amendment right to effective assistance of counsel was not violated. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Farrell's claim of ineffective assistance of counsel is premised on her attorney's failure to lay a foundation for expert testimony concerning "Battered Women's Syndrome." Farrell has not shown that such testimony would have been admissible under Washington law to support her theory of false confession. Therefore, even assuming that counsel was deficient, Farrell has not shown she was prejudiced. Furthermore, the district court did not abuse its discretion in denying Farrell's motion for an evidentiary hearing because the state court record was amply developed.

Therefore, the district court's decision is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.